UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MENES ANKH EL, | ) |
|       Petitioner, | ) |
|     v. | )    No. 1:20-cv-00009-SEB-DLP |
| MARK SEVIER, | ) |
|       Respondent. | ) |

**Order Dismissing Petition for Habeas Corpus as Moot**

In his petition for writ of habeas corpus, petitioner Menes Ankh El challenges the 2015 revocation of his community corrections and probationary terms in connection with his 2013 Indiana forgery convictions under cause number 49G03-1208-FC-59353 ("FC-59353"). The respondent moved to dismiss the petition, arguing that his petition is time-barred and that his procedurally defaulted claims are noncognizable.[1] Dkt. 7. Mr. Ankh El was released from custody on April 2, 2020. Dkt. 10. For the following reasons, this case is **dismissed as moot**.

### I.     Background

On August 28, 2013, Mr. Ankh El was found guilty of five counts of forgery and five counts of intimidation under FC-59353. Dkt. 7-11 at 3. He was sentenced to an aggregate four-year term with two years executed in community corrections and two years suspended. *Id.*

On May 26, 2015, Mr. Ankh El was convicted of felony attempted fraud on a financial institution in Indiana state cause number 49G04-1502-F5-003976 ("F5-3976"). Dkt.7-6 at 9–10.

---

[1] The respondent also initially argued that the Court lacked jurisdiction but withdrew that argument. Dkt. 9 at 1.

As a result, the State filed petitions[2] to revoke Mr. Ankh El's placement in community corrections alleging he had violated the terms of his conditional release by committing a new crime. Dkt. 7-1 at 2; dkt. 7-11 at 4.

On June 22, 2015, the trial court held a combined revocation and sentencing hearing. The court found that Mr. Ankh El had violated his parole and ordered him to serve the four-year term in the Indiana Department of Correction (IDOC). Dkt. 7-11 at 4. The court also sentenced Mr. Ankh El to five years imprisonment for his new offense in F5-3976, to be served consecutive to his sentences in FC-59353 and FC-25485. Dkt. 7-6 at 10.

On May 16, 2018, Mr. Ankh El filed a petition for a writ of habeas corpus in state court, arguing that his sentence was unlawful because it exceeded the amount of suspended time the court had sentenced him to. *Id.* at 4. That petition was denied, Mr. Ankh El appealed, and the Indiana Court of Appeals agreed that his sentence was lawful and that his credit time had been properly calculated. *Id.* at 7, 9.

Mr. Ankh El's maximum projected release and discharge date for his offenses in FC-59353 was July 4, 2018. Dkt. 7-9 at 1–2.

Mr. Ankh El filed this habeas petition on January 2, 2020, challenging the lawfulness of his sentence. Dkt. 1. At that time, Mr. Ankh El was serving his sentence for cause F5-3976. On April 2, 2020, Mr. Ankh El was released from IDOC. Dkt. 10.

## II.     Discussion

"A case becomes moot [and the federal courts lose subject matter jurisdiction] when it no longer presents a case or controversy under Article III, Section 2 of the Constitution. 'In general a

---

[2] Mr. Ankh El was serving a concurrent sentence in cause number 49G04-1204-FC-025485 (FC-025485), which is the subject of Mr. Ankh El's other pending habeas petition in cause number 1:20-cv-00010-RLY-DML.

case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)); *see also Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)).

A habeas action is not necessarily mooted when the petitioner is released from incarceration so long as he continues to suffer a "collateral consequence" of the conviction. *Id.* at 278 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Some collateral consequences extending from an unlawful conviction include the loss of the right to vote, hold office, or serve on a jury. *Spencer*, 523 U.S. at 8. However, where the petitioner is challenging a revocation of probation or parole rather than the underlying conviction, the Supreme Court has found there are no "collateral consequences adequate to meet Article III's injury-in-fact requirement." *Id.* at 14. That is because the consequences for parole or probation violators—such as future parole violations or sentence enhancements—are within the control of the individual rather than mandated by statute. *Id.* at 13. Indeed, the only collateral consequence Mr. Ankh El cited when he argued that this Court retained subject matter jurisdiction over a challenge to his expired sentence was his continued imprisonment. Dkt. 8 at 1 ("My current release date of April 4, 2020, is a collateral consequence of the illegal sentence. . . The fact that I am imprisoned as a result of the illegal sentence gives this Court subject matter jurisdiction."). When the government conceded in its reply that the Court had jurisdiction, dkt. 9 at 1, Mr. Ankh El was still incarcerated.

Mr. Ankh El has been released from prison having served the complete term of FC-59353. This case has become moot because there is no redress the Court could offer, even if the Court

reached the merits of his arguments and concluded the revocation of his probation was unconstitutional. "The fact remains that he is now released and the amount of time that he spent in prison cannot be undone." *Eichwedel*, 700 F.3d at 279. Therefore, this case is **dismissed for lack of jurisdiction.**

### III. Certificate of Appealability

The Court finds that a certificate of appealability shall not issue. "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court does not have jurisdiction over Mr. Ankh El's petition because he has been released from custody and there are no redressable collateral consequences for a probation violation. *See Spencer*, 523 U.S. at 7–16. Jurists of reason would not disagree with this Court's resolution of this claim, and nothing about the claim deserves encouragement to proceed further. *See Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court therefore **denies** a certificate of appealability.

## IV. Conclusion

Mr. Ankh El's petition for habeas corpus is **moot** and accordingly **dismissed for lack of jurisdiction**. Further, the respondent's motion to dismiss, dkt. [7], is **denied as moot**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   7/6/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MENES ANKH EL
2625 Highland Place
Indianapolis, IN 46208

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov